10-1688-TSH

## AFFIDAVIT OF SPECIAL AGENT LISA M. TUTTY

I, Lisa M. Tutty, being duly sworn, hereby depose and say:

1.  I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI), United States Department of Justice, and have been so employed for over nineteen years. I am currently assigned to the Cyber Crimes Squad of the Boston Field Office of the FBI. As a member of this squad, my responsibilities include the investigation of various criminal offenses, including the investigation of crimes involving the sexual exploitation of children utilizing computer telecommunications. For ten years, I have investigated crimes involving the sexual exploitation of children. I have received extensive training regarding such investigations, including interviewing child victims and the use of computer forensic tools.

2.  This affidavit is submitted in support of a criminal complaint charging William F. Murphy (Murphy), of 1515 VFW Parkway, Trailer D12, West Roxbury, Massachusetts, with knowingly accessing and attempting to access matter, which contains visual depictions of minors engaging in sexually explicit conduct, with intent to view, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

1

3. The information set forth in this affidavit is based on an investigation conducted by this affiant and other law enforcement agents. This affidavit does not contain every fact known to me with respect to this investigation. Rather, it contains those facts that I believe to be necessary to establish probable cause for the crime charged in the complaint.

4. Title 18, United States Code, Section 2252(a)(4)(B), makes it illegal for any person to knowingly possess, or knowingly access with intent to view, one or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct. Title 18, United States Code, Section 2252(b)(2), provides the penalties for whoever violates, or attempts or conspires to violate, Section 2252(a)(4)(B).

5. For purposes of this affidavit, any individual below the age of 18 will be referred to as a "child" or "minor," and

any visual depiction of a child or minor engaging in "sexually explicit conduct," as that term is defined in Title 18, United States Code, Section 2256(2)(A), will be referred to as "child pornography."

## Identification of William F. Murphy

6.  On December 15, 2008, an FBI undercover agent used an Internet-connected computer to log into a peer-to-peer (P2P) file sharing network[1] and conduct a keyword search with an enhanced version of the LimeWire P2P software. In the keyword search, the undercover agent used the terms "9yo tori," "mafiasex," "hornytoad's," "pthc," "hussyfan," "babyshivid," "childfugga," and "lsm," which the undercover agent knew to be associated with images of child pornography. The undercover agent viewed the search results and observed multiple files available at the IP address 24.91.129.113.

---

[1] P2P file sharing allows individuals to meet each other through the Internet, engage in social networking, and trade files. One aspect of P2P file sharing is that multiple files may be downloaded in parallel, which permits downloading more than one file at a time. A P2P file transfer is assisted by reference to an Internet Protocol (IP) address. This address, expressed as four sets of numbers separated by decimal points, is unique to a particular computer during an online session. The IP address identifies the location of the computer with which the address is associated, making it possible for data to be transferred between computers. Third party software is available to identify the IP address of the P2P computer sending a file. Such software monitors and logs Internet and local network traffic.

7.   For IP address 24.91.129.113, the undercover agent executed a browse command, a LimeWire function that permits users to browse the names of the files being shared by the other LimeWire user and, in this case, the files being shared by the individual using IP address 24.91.129.113. The undercover agent observed 46 files available to be shared, and many of these files contained terms commonly associated with child pornography.

8.   The undercover agent selected fifteen (15) files and downloaded them from 24.91.129.113 between approximately 3:24 PM and 3:32 PM Central Time. Fourteen (14) of the fifteen (15) files downloaded from 24.91.129.113 were images that appear to be child pornography, and included files titled "8y suck dad.jpg," "@cumonface.jpg," "7y suck dad.jpg," and "12year illegal iincest.jpg." Two of the image files downloaded by the undercover agent on that date and time from IP address 24.91.129.113 are described below:

> File Name:   4yo handles dick (2).JPG
>
> Description:   The image shows a prepubescent girl, handling an adult male's penis. The hash value[2] for this file matches a known image of child pornography.

---

[2]   A hash value is a digital fingerprint based on a file's content. A hash value is mathematically calculated by taking an input of the file and generating a fixed-length alpha-numeric value.

4

> File Name:  4yo sucks dad with full pussy view.jpg
>
> Description:  The image is a black and white image depicting a female child about four years old, performing oral sex on an adult male. The child's genital area is also visible.

9.  Since an enhanced version of LimeWire was used, the undercover agent was able to determine that the images were sent in their entirety from IP address 24.91.129.113.

10. A query of the Arin database, a public database of domain name and IP address registrations, revealed that IP address 24.91.129.113 was registered to Comcast.

11. On or about December 22, 2008, results from an administrative subpoena sent to Comcast for the date and time the images were downloaded revealed that the IP address 24.91.129.113 was assigned to the residential high speed internet service account subscribed to by Linda Brooks, 1515 VFW PKWY, TRLR D12, West Roxbury, MA 02132.  Comcast records reflected that 1515 VFW PKWY, TRLR D12, West Roxbury, MA was the subscriber's service address, Brooks' account was active at the time of the subpoena return, and the statement for the account was sent to the service address.

## Execution of Search Warrant and Interviews

12. On June 30, 2009, Special Agents of the FBI executed a federal search warrant at 1515 VFW Parkway, Trlr D12, West Roxbury, MA. During the execution of the search warrant, FBI agents orally advised the two adult occupants of the home, Linda Brooks and William F. Murphy, of their rights and interviewed them separately following their written execution of FBI Advice of Rights forms.

13. Linda Brooks informed interviewing agents that she did not utilize the Macintosh computer in her home and admitted that she was essentially computer illiterate. She stated that William F. Murphy used the Macintosh computer most. Brooks informed interviewing agents that her 10-year-old daughter also used the Macintosh and a laptop computer.

14. William F. Murphy informed the interviewing agents that he was a registered sex offender, having served jail time for sexually assaulting his nine-year-old stepdaughter in the late 1980s. A criminal records check indicates that in 1988, William Murphy, date of birth 05/17/1959, was committed to 3-10 years imprisonment for rape of a child.

15. As a consequence of his sex offender status, Murphy informed the interviewing agents that he has been unable to gain

6

steady employment and he spent the majority of his time at home, caring for the trailer and his 10-year-old daughter. Murphy advised that he spent his days doing housekeeping and playing the online computer game "World of Warcraft" (WoW). Murphy identified the computer he used to connect to the Internet as a three (3) or four (4) month old iMac, and stated that he used a wired connection. Murphy identified his Internet service provider as Comcast. Murphy stated that Brooks does not use the computer, but his daughter uses the iMac on occasion to do homework or play WoW.

16. Murphy admitted to using the P2P file sharing program LimeWire to download music files. When asked if he utilized LimeWire to download child pornography, Murphy initially denied using LimeWire for such purpose. He later stated that he had used LimeWire to download adult pornography and "barely legal stuff". Murphy provided two of the search terms he would utilize on LimeWire as "teen" and "barely legal," and said that some of the kids in the "barely legal" material he downloaded were younger than 18. However, Murphy told agents that he "never intentionally downloaded kiddie porn."

17. Murphy denied that the agents would find child pornography on his computer. Murphy described his methodology

for downloading pornography as one wherein he would seek out pornography using LimeWire, view it, and then delete it.

18. Murphy stated that he intentionally "shut off" the sharing function of LimeWire so that the program did not share the files he had downloaded. However, Murphy stated that everything he downloaded from LimeWire went to the default "shared" folder. He recalled that with an older version of LimeWire he had used, he had to go to a different page to choose the "non-sharing" option. When Murphy updated his iMac operating system to version 10.5.7 on a date that he did not specify, he said that he had to update his LimeWire version. He stated that with the new LimeWire version, the option to share was "right at the front."

19. Murphy estimated that he downloaded 200 pornographic images and 20 pornographic videos during the six months prior to his disposal of his old computer. He estimated that over the past ten years he had downloaded the "barely legal" pornography between 20 and 30 times. When shown some of the child pornography images downloaded by FBI agents via LimeWire from a computer at his home, Murphy admitted that a few of the images were familiar.

20. Murphy ultimately admitted that he had been doing "research" on LimeWire and described this research as seeking

computer files containing child pornography images depicting Brooks and her sister. Murphy asserted that both Brooks and her sister were victims of a child pornography "ring" when they were children and their mother and father were part of the ring. Murphy explained that he had been looking for child pornography on the Internet in the hopes of finding images depicting Brooks being sexually abused as a child. He stated that he wanted to use the images as proof of the existence of the ring that had abused Brooks, and he wanted the proof to bring forward to law enforcement in the future.

21. Murphy advised that six (6) or more years ago, he did contact the Boston Police Department (BPD) with his allegations of the ring and the sexual victimization of Brooks as a child. He stated that he felt his complaint was ignored by the BPD, however, because of his status as a registered child sex offender.

22. Murphy estimated that he had found "a couple" child pornography images of Brooks and "dozens" of child pornography images of Brooks' sister. However, when asked, Murphy did not provide agents with any information or evidence regarding these images, including the names of the files, the search terms that Murphy said he had used to find these images, the IP addresses that Murphy said he would recognize and which were making the

child pornography images of Brooks and her sister available, or the name of an active, existing on-line Yahoo e-mail account in which he claimed to have saved some child pornography images. Murphy also stated that he did not show any of the images he had found to Brooks.

23. Murphy was asked if he would be willing to participate in a polygraph examination, and he agreed. On July 9, 2009, Murphy voluntarily appeared at the FBI Office in Boston, MA. Murphy was orally advised of his rights, and he was provided an FBI Advice of Rights form and a Consent to Polygraph form. Murphy read both forms, acknowledged that he understood his rights as stated therein, and signed both forms.

24. In an interview conducted after the polygraph examination, Murphy told the FBI polygraph examiner that he searches the Internet for photographs and videos of child pornography that were taken of Linda Brooks, her sister, and their mother. Murphy asserted that the photographs and videos are available through LimeWire, and he described one such image as an approximately four-year-old girl having sex with a dog. Murphy stated that he does not save any pornography on his computer because he does not want to expose his daughter to it. Murphy also stated that he knew, as a convicted sex offender, that maintaining any form of storage of child pornography would

be a "death sentence" to him. Murphy said that he did not maintain any written records of the child pornography links he located because he stated that he was able to memorize them successfully. He added that he could easily relocate the information through LimeWire.

25. Murphy provided the following names of files that he had viewed through LimeWire and in some cases, he provided a brief description:

- O-kiddy-pthcdogfucks5yogirl
- pthcopenfatherteachesdaughter [118 mgb video of Linda]
- schoolvintagehardcore [video of Linda's mother around 15 years of age at the Fernald State School]
- o-kiddy-pthc01 [Linda's mother as a child]
- pthcmultiplecumshotsbabyshivid [series of photos depicting Linda, her sister, and unknown child victims]
- pthc01
- pthc233 [from a series of 233 photos of Linda, her sister and other child victims]
- 14 yogirlgetsfuckedbydog
- R@ygolddoctor [Linda's sister being raped by a doctor]

26. Murphy admitted that he had been searching the Internet for child pornography for the past four years. He

11

stated that he spent, on average, a minimum of seven (7) hours each week searching for child pornography on the Internet and he is only able to search for child pornography when his daughter is at school or asleep.

27. Murphy admitted to receiving pleasure from viewing the photographs from his LimeWire searches for photographs of Brooks and her sister. Murphy described these photographs as depicting females between the ages of 2 and 16. In regard to his sexual partners, Murphy stated that his sexual preference is females between 14 to 16 years of age.

### Forensic Examination of Murphy's iMac Computer

28. Pursuant to the federal search warrant executed on June 30, 2009, Murphy's iMac computer (S/N W883036CZE2) was seized and a forensic examination was conducted. In the examination, it was determined that the computer had one active username called "williammurphy."

29. The P2P file-sharing program LimeWire was installed on Murphy's computer and available for use. A file associated with the LimeWire program titled "Library5.dat" was found on the computer. This file contained a list of image, video, and music files that were previously saved to the LimeWire "saved" folder. A review of the files listed in this Library5.dat file

identified hundreds of previously saved files with names indicative of child pornography. Some of the files listed in the Library5.dat file on Murphy's computer include the following:

- hornytoad's best cp ptn lsm pthc (120).jpg
- qqaazz pthc pedo 2yo boy after being fucked.jpg
- qqazz pedo pthc 3yo girl tied and raped 04.jpg
- Daddy Fucks My 4Yo Cunt For The First Time.jpg

30. An examination of Murphy's computer for currently saved child pornography images or videos that were accessible to the computer user yielded negative results. A forensic examiner, however, was able to recover child pornography images and videos from free space[3] on Murphy's computer. These images and videos were previously accessible on the computer, but had been moved to free space on undeterminable dates prior to the execution of the federal search warrant on June 30, 2009.

31. When computer files are moved to free space, forensic tools can be used to "carve out" and recover some of these files. However, the computer typically does not retain information regarding these files' attributes, including their

---

[3] Free space is also called unallocated disk space. It is all the areas (clusters) on a hard drive that are not currently assigned to a file. Some of these clusters may still contain data from files that were deleted but have not yet been overwritten by other files.

names and creation dates. A forensic tool was used to carve out files in free space on Murphy's iMac computer and the tool assigned numeric identifiers to these recovered files for reference purposes.

32. A review of these images carved out of free space yielded more than 300 child pornography images, and more than 40 child pornography videos. Of the more than 300 child pornography images, 62 were identified as images in which the depicted child victims were identified and known by law enforcement. Three of the images, all assigned file names by the forensic tool are described below:

<u>File Name</u>:     16797.jpg

<u>Description</u>: The image shows a prepubescent female, who is crying and shielding her eyes, lying nude on a bed with her legs spread open while an adult male presses his erect penis against her vaginal area. Your affiant recognized the image as an image from the "Heather" series, and the child depicted as a known, identified victim.

<u>File Name</u>:     20139.jpg

<u>Description</u>: The image shows a prepubescent female, nude from the waist down, straddling and being vaginally penetrated by the erect penis of a pubescent minor male, while simultaneously performing oral sex upon an adult male.

<u>File Name</u>:     20537.jpg

<u>Description</u>: The image shows a nude, prepubescent female, seated in an upholstered chair, her hands bound to her legs, and her legs are spread open to expose her genitalia.

A copy of these images will be provided for the Court's review with this affidavit.

CONCLUSION

33. Based on the foregoing facts, there is probable cause to believe that on or about October 9, 2008 through on or about June 30, 2009, William F. Murphy knowingly accessed and attempted to access matter, which contained visual depictions of minors engaging in sexually explicit conduct, with intent to view, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

```
_____
Lisa M. Tutty
Special Agent
Federal Bureau of Investigation
```

Subscribed and sworn to before me this 3rd day of May, 2010.

```
_____
Timothy S. Hillman
United States Magistrate Judge
```

I have reviewed the files referenced in paragraph 32 above, and I find probable cause to believe they depict minors engaging in sexually explicit conduct. The United States Attorney's Office shall preserve the images provided to the Court, for the duration of the pendency of this matter, including any relevant appeal process.

```
_____
Timothy S. Hillman
United States Magistrate Judge
```